**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KEVIN M. POLITTE,**

    **Plaintiff,**

v.                                           **Case No: 8:14-cv-2312-T-35TGW**

**EQUIFAX INFORMATION SERVICES
LLC, TRANS UNION LLC, and HSBC
BANK USA, N.A.,**

    **Defendants.**
_____/

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss Count VI[1] of Amended Complaint, or, in the alternative, Motion to Strike Certain Allegations (Dkt. 32) filed by Defendant, HSBC Bank USA, N.A. ("HSBC"), and the Response in opposition thereto filed by Plaintiff, Kevin M. Politte ("Politte") (Dkt. 38) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** HSBC's Motion to Dismiss Count VI of Amended Complaint, or, in the alternative, Motion to Strike Certain Allegations. (Dkt. 32)

    The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the

---

[1] The Amended Complaint contains two claims enumerated as Count VI. (Dkt. 28 at ¶ 52-70) This Order pertains to the second Count VI, asserted against HSBC Bank USA, N.A.

"no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

HSBC moves to dismiss Count VI of Politte's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b). Count VI of the Amended Complaint asserts a claim against HSBC for a violation of 15 U.S.C. § 1681s-2(b). HSBC contends that Politte's allegations under this count are bare-boned and conclusory. Upon review of the Amended Complaint, the Court finds that Politte's allegations are sufficient to state a plausible claim for relief against HSBC for a violation of 15 U.S.C. § 1681s-2(b). Accordingly, HSBC's Motion to Dismiss is **DENIED**.

Alternatively, HSBC moves to strike certain allegations contained under Count VI of the Amended Complaint as irrelevant and immaterial pursuant to Federal Rule of Civil Procedure 12(f). These allegations include:

> 62. While not the basis for Plaintiff's claim, HSBC violated 15 U.S.C. § 1681S-2(a)(1)(A) by furnishing information about the Plaintiff to Equifax, Experian, and Trans Union after HSBC had been notified that the information was inaccurate.
>
> 63. While not the basis for Plaintiff's claim, HSBC violated 15 U.S.C. § 1681S-2(a)(1)(B)(i) by continuing to furnish false information to Equifax, Experian, and Trans Union after HSBC had been notified that the information was inaccurate.
>
> 64. While not the basis for Plaintiff's claim, HSBC violated 15 U.S.C. § 1681S-2(a)(1)(B)(ii) by continuing furnish false information to Equifax, Experian, and Trans Union after HSBC knew that the information was inaccurate.

(Dkt. 28 at ¶ 62-64) HSBC contends that these allegations should be stricken because there is no private cause of action under 15 U.S.C. § 1681s-2(a)(1). Rule 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is a drastic remedy and is generally disfavored by the courts. Reyher v. Trans World Airlines, 881 F.Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

The Court finds that the factual information contained in these allegations has some relation to Politte's claim under § 1681s-2(b). Politte has acknowledged that no private cause of action exists under § 1681s-2(a)(1) and that these paragraphs do not form the basis of his claim against HSBC. Therefore, the alternative Motion to Strike is also **DENIED**. Nonetheless, in answering Politte's allegations under Count VI of the

3

Amended Complaint, HSBC is **DIRECTED** to answer only as to the factual allegations contained in paragraphs 62-64 (i.e. that HSBC "furnish[ed] information about the Plaintiff to Equifax, Experian, and Trans Union after HSBC had been notified that the information was inaccurate") and not as to the legal conclusion that its actions constituted any violation of 15 U.S.C. § 1681s-2(a)(1).

  **DONE** and **ORDERED** in Tampa, Florida, this 3rd day of February, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person